UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Julio Carillo-Lozano | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:19-cv-627 |
| | § | |
| | § | |
| | § | |
| IQ Data International, Inc. | § | |
| | § | |

Complaint

_____

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to consumers in the course of collecting debts. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. The FDCPA is a strict liability statue, which provides for actual or statutory damages upon the showing of one violation. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated or least sophisticated consumer." *Gotswami v. Am Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004).

3. To prohibit deceptive and misleading practices and protect consumers, the FDCPA generally outlaws such practices. It specifically prohibits the use of practices such as: making false representations concerning the

character, amount, or legal status of a debt, 15 U.S.C. § 1692e(2)(A); communicating credit information that the collector knows, or should know to be false, 15 U.S.C. § 1692e(8); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the use of unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

4. Plaintiff files this action seeking statutory damages, actual damages, attorney's fees, and all other relief as deemed appropriate by this Court pursuant to the FDCPA and the Texas Debt Collection Act.

## Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claim arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Julio Carillo-Lozano, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, IQ Data International, Inc., is a Washington corporation whose principal business address is 21222 30th Dr SE, Ste 120, Bothell WA 98021. It may be served with process via its registered agent Corporation Service Company d/b/a CSC-Lawyers Inc at 211 E. 7th Street, Suite 620 Austin, TX 78701.

10. IQ regularly collects and attempts to collect defaulted consumer debts.

11. The principal purpose of IQ is the collection of such debts.

Facts

12. Carrillo-Lozano leased an apartment in San Antonio.

13. After his lease expired, he moved to another residence.

14. The complex, on his moveout, charged him fees in excess of his security deposit.

15. The overage totaled $804.47.

16. He made payment arrangements with the complex and paid $404.47.

17. After some time, his account was sent to collections with IQ.

18. At the outset of its collection efforts IQ represented to Carrillo-Lozano that $404.47 has been paid and that he owed $400.

19. He made an agreement and soon paid the $400 to IQ in full.

20. His final payment was made in June of 2018.

21. After his final payment was received the debt should have been fully resolved and Carrillo-Lozano believed it was.

22. Carrillo-Lozano checked his credit report and found that IQ was still reporting the debt as due and owing.

23. IQ's misreporting a fully paid debt as due and owing, has lowered Carrillo-Lozano's credit score by more than 40 points.

24. On or about May 6, 2019 he sent a letter disputing the debt.

25. On or about May 20, Carrillo-Lozano checked his credit report, it showed that that he has $430 in collections with IQ related to this apartment complex debt.

26. As of the filing of this action, Carrillo-Lozano has not received a response to his May 6, 2019 dispute letter and IQ continued to report it as due and owing.

First Cause of Action – Fair Debt Collection Practices Act

27. IQ is a debt collector as defined by 15 U.S.C. § 1692a(6).

28. The debt is a debt as defined by 15 U.S.C. § 1692a(5).

29. Carrillo-Lozaon is a consumer as defined by 15 U.S.C. § 1692a(3).

30. IQ's credit reporting is a communication as defined by 15 U.S.C. § 1692a(2).

31. IQ violated the FDCPA in that:

a. It made a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

b. It communicated credit information which is known or should be known to be false in violation of 15 U.S.C. § 1692e(8);

c. It used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10); and

d. It engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

## Second Cause of Action –Texas Finance Code Chapter 392

32. Carrillo-Lozano is a consumer as defined by Tex. Fin. Code § 392.001(1).

33. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

34. IQ is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

35. IQ's credit reporting is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

36. The Texas Finance Code contains robust protections for consumers who dispute items on their credit report.

37. When a consumer disputes a debt collector's reporting, that debt collector is required to cease its collection efforts, including credit reporting, until the investigation is complete. Tex. Fin. Code § 392.202(a)

38. Once the investigation is complete, the collector must send the consumer a written statement regarding the status of the dispute.

39. IQ violated Tex. Fin. Code § 392.202 in that it continued its collection efforts after receiving Carrillo-Lozano's dispute letter and before responding to the letter.

## Jury Demand

40. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

   a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
   b. Statutory damages per 15 U.S.C. § 1692k(a)(2);
   c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);
   d. Actual damages per Tex. Fin. Code § 392.403(a)(2);
   e. Statutory damages per Tex. Fin. Code § 392.403e; and
   f. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800

210 338 8660 fax
bill@clantonlawoffice.com